IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADAM BEECH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 14-0241-WS-B |
| ) | |
| F/V WISHBONE, her tackle, furniture, ) | |
| apparel, equipment, and appurtenances, ) | |
| ) | |
| Defendant. ) | |

# ORDER

This matter comes before the Court on the Motion for Leave to Amend Answers (doc. 39) filed by Skippers Landing, Inc., as owner of defendant *F/V WISHBONE*. The Motion has been briefed and is ripe for disposition.

## I. Background.

Plaintiffs, Adam Beech and Tenley Warhurst, brought this *in rem* action against the *F/V WISHBONE* (the "Vessel") on May 29, 2014. The Complaint (doc. 1) alleges that, in May 2013, Beech and Warhurst supplied necessary services, work and labor, and supplies to the Vessel at the request of certain authorized persons, who subsequently failed to pay Beech and Warhurst each the amount of $25,000 allegedly due and owing for such services and supplies. The Complaint does not clearly delineate claims or causes of action; however, it characterizes plaintiffs' Complaint as "a cause for breach of contract, civil and maritime, and for enforcement of a maritime lien." (Doc. 1, at 1.) Three days later, intervenor-plaintiff Kris Leith (who is represented by the same counsel as plaintiffs) filed a Complaint in Intervention (doc. 9) against the Vessel *in rem*. Leith's Complaint is substantially similar to that of Beech and Warhurst, with the primary difference appearing to be that Leith is claiming to be owed the amount of $4,000 for services and supplies furnished to the Vessel at the request of certain authorized persons. Like Beech and Warhurst, Leith alleges in the Complaint in Intervention that this is "a cause for breach of contract, civil and maritime, and for enforcement of a maritime lien." (Doc. 9, at 1.)

On June 19, 2014, Skippers Landing, in its capacity as owner of the Vessel, filed Answers (docs. 20, 21) to both the Complaint and the Complaint in Intervention. Those Answers set forth the following affirmative defenses: (i) failure of consideration because plaintiffs did not provide necessaries to the Vessel; (ii) plaintiffs' services were for the benefit of Davy Jones Fishing Charters, LLC, not the Vessel; and (iii) no statute or contract provision would entitle plaintiffs to an award of attorney's fees.

The Rule 16(b) Scheduling Order (doc. 35) fixed a deadline of November 4, 2014 for any party to request leave to amend the pleadings. On that date, Skippers Landing came forward, on behalf of the Vessel, and filed a Motion for Leave to Amend Answers, stating its desire to supplement the previously recited affirmative defenses. All told, Skippers Landing would add six new affirmative defenses via its Amended Answers. Three of those proposed new defenses are germane to the instant Motion. As Affirmative Defense #4, Skippers Landing would plead that plaintiffs' claims are barred by the six-month limitations period prescribed by Alabama Code §§ 35-11-6 and 35-11-60. As Affirmative Defense #5, Skippers Landing would plead the doctrine of laches on the basis of alleged excessive delay by plaintiffs. As Affirmative Defense #9, Skippers Landing would plead that plaintiffs' claims asserted herein are compulsory claims that should have been brought in related proceedings pending in Baldwin County Circuit Court.

In a cursory response to the Motion, plaintiffs object that proposed Affirmative Defenses #4 and #5 "do not state a valid defense to maritime lien claims" and that proposed Affirmative Defense #9 "is frivolous." (Doc. 41.) Minimal elaboration is provided.

**II.   Analysis.**

The Motion is governed by Rule 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15(a)(2), Fed.R.Civ.P. "The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014) (citation and internal quotation marks omitted).

"Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir.

2013) (citation omitted); *see also Andrx Pharmaceuticals, Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1236 (11th Cir. 2005) ("Leave may be denied because of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.") (citation and internal quotation marks omitted). In light of the relaxed Rule 15(a) standard, however, "[d]istrict courts have limited discretion in denying leave to amend, and should grant a motion to amend unless there are substantial reasons to deny it." *Bowers v. U.S. Parole Com'n, Warden*, 760 F.3d 1177, 1184 (11th Cir. 2014) (citation and internal marks omitted).

Although plaintiffs do not utilize that terminology, their objections to Affirmative Defenses #4, #5 and #9 are couched in the vernacular of futility. Unquestionably, leave to amend a pleading may properly be denied under Rule 15(a) "when such amendment would be futile." *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004). In "the amended answer context, a finding of futility is, in effect, a legal conclusion that the proposed defense would necessarily fail." *Bartronics v. Power-One, Inc.*, 245 F.R.D. 532, 535 (S.D. Ala. 2007). As a general rule, however, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 229 (E.D. Pa. 2012) (citation omitted); *see also Summit Health, Inc. v. APS Healthcare Bethesda, Inc.*, 993 F. Supp.2d 379, 404 (S.D.N.Y. 2014) ("The party opposing the amendment has the burden of establishing its futility."); *Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 661 (D. Kan. 2014) (similar); *Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp.2d 761, 765 (D.N.J. 2000) ("given the liberal standard applied to the amendment of pleadings, courts place a heavy burden on opponents who wish to declare a proposed amendment futile"); *Butler v. White*, 2014 WL 4436301, *2 (D.D.C. Sept. 8, 2014) ("the party opposing amendment has the burden of convincing the Court why the amendment should not be granted").

Upon careful review of the parties' submissions, the undersigned finds that plaintiffs have not met their burden of establishing that Skippers Landing's proposed Amended Answers would be futile with respect to Affirmative Defenses #4, 5, and 9. Plaintiffs' opposition provides only the barest of statements, devoid of supporting authorities or persuasive reasoning, why plaintiffs contend those defenses must necessarily fail as a matter of law. Moreover, given the ambiguities in plaintiffs' own pleadings (*i.e.*, the Complaint filed by Beech and Warhurst, and

the Complaint in Intervention filed by Leith), the Court cannot categorically rule out the possibility that those Affirmative Defenses might reasonably come into play as this litigation unfolds.[1]  Accordingly, the amendments will be allowed and plaintiffs' objections to same are **overruled**.

## III. Conclusion.

For all of the foregoing reasons, Skippers Landing's Motion for Leave to Amend Answers (doc. 39) is **granted**.  Pursuant to Section II.A.6. of this District Court's Administrative Procedure for Filing, Signing and Verifying Documents by Electronic Means, Skippers Landing is **ordered**, on or before **December 5, 2014**, to file as freestanding pleadings its Amended Answers in substantially the same form as the proposed amended pleadings appended to its Motion as Exhibits A and B.

DONE and ORDERED this 2nd day of December, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] For example, plaintiffs' pleadings frame their claims, in part, as being for breach of contract, both civil and maritime.  Plaintiffs' references to "civil and maritime" causes of action suggest that at least a portion of their claims may arise outside the federal maritime lien context.  Additionally, plaintiffs have presented no authority concerning the interplay between Alabama Code §§ 35-11-6 and 35-11-60 and the specific claims asserted here, nor have they explained why the laches defense would be foreclosed in this context.  More generally, if Skippers Landing is right that the lien claims in this case are not related to alleged necessaries provided to the Vessel by plaintiffs, then the maritime lien character of plaintiffs' claims is in doubt and these affirmative defenses may come to the fore.  The point is simple:  On this record and on this showing by plaintiffs, the Court cannot conclude as a matter of law that these defenses would necessarily fail (*i.e.*, that they are futile).  Therefore, the amendment is properly allowed under the liberal standard of Rule 15(a).